UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MIC PROPERTY AND CASUALTY CORPORATION, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>KENNOLYN CAMPS, INC.,<br><br>Defendant. | Case No. 5:15-cv-00589-EJD<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO STRIKE**<br><br>Re: Dkt. No. 19 |

Plaintiffs and Counterdefendants MIC Property and Casualty Insurance Corporation ("MICPAC") and CIM Insurance Corporation ("CIM") filed this action against Defendant and Counterclaimant Kennolyn Camps, Inc. ("Kennolyn") for a declaration that MICPAC and CIM owed no duty to defend Kennolyn against claims asserted in a state court case. Presently before the court is Plaintiffs' motion to strike Kennolyn's affirmative defenses pursuant to Federal Rule of Civil Procedure 12(f). See Dkt. No. 19. Kennolyn opposes the motion. See Dkt. No. 21.

Federal jurisdiction arises pursuant to 28 U.S.C. § 1332. The court previously found this matter suitable for decision without oral argument pursuant to Local Civil Rule 7-1(b) and vacated the associated hearing date. Having now carefully considered the parties' arguments, the court finds that some but not all of Kennolyn's affirmative defenses are subject to Rule 12(f). Accordingly, the motion to strike will be granted in part and denied in part for the reasons explained below.

1

Case No.: 5:15-cv-00589-EJD
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO STRIKE

## I. FACTUAL AND PROCEDURAL BACKGROUND

MICPAC and CIM are corporations incorporated in Michigan, with their principal places of business in Southfield, Michigan. See Compl., Dkt. No.1, at ¶ 2. Kennolyn is a corporation incorporated in California, with its principal place of business in Soquel, California. Id. at ¶ 1. According to the Complaint, Kennolyn claims that MICPAC, CIM or another affiliate insurer issued it liability insurance in effect on July 19, 1988, when the acts complained of in the underlying state court case[1] occurred. Id. at ¶¶ 1, 8. The plaintiff in the state court case alleged bodily injury as a result of conduct occurring on July 19, 1988, and asserted claims against Kennolyn for negligent supervision/failure to warn, negligent hiring/retention, and negligent failure to warn, train and educate the plaintiff. See Answer, Dkt. No. 17, at ¶ 10. The state court case settled under confidential terms on October 14, 2014. Id. at ¶ 16.

Before entering into the settlement, Kennolyn requested that MICPAC and CIM provide it with a defense and tendered notice of the underlying action on July 15, 2014. Id. at ¶ 13. In response, MICPAC and CIM determined that neither they nor an affiliate insurer issued Kennolyn an insurance policy in effect on July 19, 1988. See Compl., at ¶ 10. MICPAC and CIM therefore rejected Kennolyn's proof of coverage on the basis that no policy existed and declined to defend or indemnify Kennolyn. Id. at ¶¶ 11, 13.

MICPAC and CIM initiated this action on February 6, 2015, asserting one claim for declaratory relief. Kennolyn counterclaimed against MICPAC and CIM, alleging they breached the insurance policy and the implied covenant of good faith and fair dealing. Kennolyn also asserted nine affirmative defenses. This motion followed.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R.

---

[1] The underlying action, entitled D.R., Individually v. Defendant Doe 1, Camp et al., Case No. CV1779134, was filed on or about October 4, 2013, in Santa Cruz County Superior Court. See Compl., Dkt. No. 1, at ¶1; see also Answer, Dkt No. 17, at ¶ 10.

2
Case No.: 5:15-cv-00589-EJD
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO STRIKE

Civ. P. 12(f). "A defense may be insufficient as a matter of pleading or a matter of law." G&G Closed Circuit Events, LLC v. Nguyen, No. 10-CV-00168-LHK, 2010 U.S. Dist. LEXIS 104980, at *3, 2010 WL 3749284 (N.D. Cal. Sept. 23, 2010) (citing Security People, Inc. v. Classic Woodworking, LLC, No. C-04-3133 MMC, 2005 U.S. Dist. LEXIS 44641, at *5, 2005 WL 645592 (N.D. Cal. Mar. 4, 2005)). "The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." Wyshak v. City Nat. Bank, 607 F.2d 824, 827 (9th Cir. 1979).

In this district at least, a defendant provides "fair notice" of an affirmative defense by meeting the pleading standard articulated in Federal Rule of Civil Procedure 8, as further refined by Bell Atlantic Corporation v. Twombly, 550 U.S. 544, 555 (2007), and Ashcroft v. Iqbal, 556 U.S. 662, 664 (2009). See Otey v. Crowdflower, Inc., No. 12-cv-05524-JST, 2013 U.S. Dist. LEXIS 151846, at *11-12, 2013 WL 5734146 (N.D. Cal. Oct. 22, 2013) ("This Court agrees with the many judges in this district, however, who routinely apply Iqbal's heightened pleading standard to affirmative defenses."); see also Prime Media Group LLC v. Acer Am. Corp., No. 5:12-cv-05020 EJD, 2013 U.S. Dist. LEXIS 22437, at *5 n.2, 2013 WL 621529 (N.D. Cal. Feb. 19, 2013) ("Although the Ninth Circuit has not yet settled this issue once and for all, it seems a foregone conclusion at this point that the Rule 8 pleading standard . . . should also apply to affirmative defenses."). Thus, while a defense need not include extensive factual allegations in order to provide a defendant with fair notice (Sec. People, Inc., 2005 U.S. Dist. LEXIS 44641, at *6), it must nonetheless include enough supporting information to be plausible; bare statements reciting legal conclusions will not suffice. CTF Dev., Inc. v. Penta Hospitality, LLC, No. C-09-02429, 2009 U.S. Dist. LEXIS 99538, at *21, 2009 WL 3517617 (N.D. Cal. Oct. 26, 2009).

Aside from insufficiently pled defenses, Rule 12(f) also permits the court to strike material that is immaterial, impertinent or redundant. Fed. R. Civ. P. 12(f). Immaterial matter is "that which has no essential or important relationship to the claim for relief or the defenses being pleaded." Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir.1993), rev'd on other grounds, 510 U.S. 517 (1994) (quoting 5 Charles A. Wright & Arthur R. Miller, Federal Practice and

3

Procedure § 1382, at 706-707 (1990)).  Similarly, impertinent matter does not pertain, and is not necessary, to the issues in question.  Id.  "Redundant allegations are those that are needlessly repetitive or wholly foreign to the issues involved in the action."  Cal. Dep't of Toxic Substances Control v. Alco Pac., Inc., 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002) (internal quotation marks and citations omitted).

Where a court strikes an affirmative defense, leave to amend should be freely given so long as there is no prejudice to the moving party.  Wyshak, 607 F.2d at 826.

### III.   DISCUSSION

MICPAC and CIM move to strike all nine affirmative defenses as immaterial, impertinent, or insufficiently pled.  They also move to strike Kennolyn's request for attorney's fees.  These arguments are discussed below.

#### A.   The First and Ninth Defenses are not Actual Defenses

MICPAC and CIM argue that Kennolyn's first affirmative defense for failure "to state facts sufficient to constitute a cause of action" and its ninth affirmative defense reserving the right to amend pleadings do not constitute actual affirmative defenses.  The court agrees with MICPAC and CIM that these defenses are improperly asserted in Answer.

The purpose of an affirmative defense is to "plead matters extraneous to the plaintiff's prima facie case, which deny plaintiff's right to recover, even if the allegations of the complaint are true."  Fed. Deposit Ins. Corp. v. Main Hurdman, 655 F. Supp. 259, 262 (E.D. Cal. 1987). Generally, the defendant in a civil case "bears the burden of proof as to each element of an affirmative defense."  Tovar v. United States Postal Serv., 3 F.3d 1271, 1284 (9th Cir. 1993). Because the purpose of an affirmative defense is, unsurprisingly, to *affirmatively* assert an avoidance of a plaintiff's claims which the defendant must ultimately prove, "denials of the allegations in the Complaint or allegations that the Plaintiff cannot prove the elements of his claim are not affirmative defenses."  Nguyen, 2010 U.S. Dist. LEXIS 104980, at *13; see Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1088 (9th Cir. 2002) ("A defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense."); see also Flav-O-Rich v.

4

Case No.: 5:15-cv-00589-EJD
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO STRIKE

Rawson Food Serv., Inc. (In re Rawson Food Serv., Inc.), 846 F.2d 1343, 1349 (11th Cir. 1988) ("A defense which points out a defect in the plaintiff's prima facie case is not an affirmative defense."). This court has repeatedly stricken these types of "negative" defenses. See, e.g., Madison v. Goldsmith & Hull, 5:13-cv-01655 EJD, 2013 U.S. Dist. LEXIS 153168, at *7, 2013 WL 5769979 (N.D. Cal. Oct. 24, 2013); G&G Closed Circuit Events, LLC v. Nguyen, No. 5:12-cv-03068 EJD, 2013 U.S. Dist. LEXIS 4191, at *7-8, 2013 WL 2558151 (N.D. Cal. June 10, 2013); G&G Closed Circuit Events, LLC v. Nguyen, No. 5:10-CV-05718 EJD, 2011 U.S. Dist. LEXIS 144435, at *7, 2011 WL 6293922 (N.D. Cal. Dec. 15, 2011).[2]

Here, the first defense for failure "to state facts sufficient to constitute a cause of action" does not assert something "extraneous to the plaintiff's prima facie case." Main Hurdman, 655 F. Supp. at 262. Instead, "it simply embodies the contention that [MICPAC and CIM] will be unable to prove the elements of the claims contained in the Complaint," and is duplicative of relief that can be sought in a motion under Federal Rule of Civil Procedure 12. Madison, 2013 U.S. Dist. LEXIS 153168, at *7. In that regard, "[f]ailure to state a claim is not a proper affirmative defense but, rather, asserts a defect in the plaintiff's prima facie case." J&J Sports Prods. v. Mendoza-Govan, No. C 10-05123 WHA, 2011 U.S. Dist. LEXIS 47075, at *14-15, 2011 WL 1544886 (N.D. Cal. Apr. 25, 2011).

Similarly, the ninth defense reserving Kennolyn's ability to amend its pleadings is not a defense. This type of statement "serves no real purpose in the litigation and should be stricken." Solis v. Couturier, No. 2:08-cv-02732, 2009 U.S. Dist. LEXIS 63271, at *10, 2009 WL 2022343 (E.D. Cal. July 8, 2009). Although Kennolyn states it raised this defense in order to avoid any argument that it waived any affirmative defense, such a contention is unpersuasive as a reason to justify its presence in the Answer. Amendments to pleadings are governed by Federal Rule of

---

[2] As Kennolyn points out, there is a split in this district's authority over whether failure to state a claim is properly asserted as an affirmative defense. See BMO Harris Bank, N.A. v. Bonan, No. 5:13-cv-05929-PSG, 2014 U.S. Dist. LEXIS 89872, at *2 (N.D. Cal. July 1, 2014) (citing cases illustrating split in Northern District of California). But for the reasons explained above, the undersigned has determined that pointing out a pleading defect is not such a defense.

5
Case No.: 5:15-cv-00589-EJD
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO STRIKE

Civil Procedure 15, not by affirmative defenses. See id.

Because they add nothing of substance to the case, the first and ninth affirmative defenses will be stricken without leave to amend because Plaintiff will be prejudiced by allowing these non-defenses to be re-pled.

### B. The Third, Fourth, Fifth and Sixth Defenses are Material and Pertinent

MICPAC and CIM further argue that affirmative defenses three through six - including those for assumption of risk, breach of contract, breach of the implied covenant of good faith and fair dealing, and failure to mitigate - are immaterial to its sole claim for declaratory relief. Kennolyn argues otherwise.

In order to resolve this disagreement, it is first necessary to understand the nature of the claim asserted in the Complaint. As noted, MICPAC and CIM challenge the existence of an insurance policy covering Kennolyn on a particular date and renounce any contractual obligation to defend or indemnify Kennolyn. On that basis, MICPAC and CIM seek the following declaration: (1) "[t]hat neither they nor an affiliate issued Kennolyn insurance in effect on July 19, 1988 that covered it in the underlying action," and, or in the alternative, (2) "[t]hat no competent evidence exists of the terms of any insurance that MICPAC, CIM, or an affiliate issued it in effect on July 19, 1988 that covered it in the underlying action."

In this motion, MICPAC and CIM characterize the relief sought by them as narrower than the "more common request that there is no coverage under an existing policy," and suggest the only issue raised by the Complaint is whether or not an insurance contract exists. Not so. While it is true that MICPAC and CIM have raised the existence or non-existence of a policy issued to Kennolyn, they have also raised the exact issue they describe as "more common" in insurance disputes. This is so because the carefully-chosen wording of their first declarative request is not exclusively limited to whether Kennolyn can prove the existence of a contract; to the contrary, the language of the request is broad enough to reserve in MICPAC and CIM the ability to establish non-coverage under any policy Kennolyn successfully proves. Indeed, if existence of insurance was the only issue in this case, MICPAC and CIM would have simply asked for a declaration

6

Case No.: 5:15-cv-00589-EJD
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO STRIKE

"[t]hat neither they nor an affiliate issued Kennolyn insurance in effect on July 19, 1988." Instead, they added more to that sentence (". . . that covered it in the underlying action"). By doing so, MICPAC and CIM raised coverage as a potential issue.

Since MICPAC and CIM do not dispute that the third, fourth, fifth and sixth affirmative defenses "go to that more usual case" involving insurance coverage, the court cannot find them immaterial or impertinent in light of the relief sought in the Complaint. See S.E.C. v. Sands, 902 F. Supp. 1149, 1165 (C.D. Cal. 1995) ("To strike an affirmative defense, the moving party must convince the court 'that there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defense succeed.'"). Nor is the court convinced that mere similarity to counterclaims is a sufficient reason to strike affirmative defenses. Accordingly, the motion to strike these defenses will be denied.

### C. The Second and Eighth Defenses are Insufficiently Pled

For the three remaining defenses, MICPAC and CIM argue they are insufficiently pled. The court must concur in light of the pleading standard it applies. In their current formulations, the second affirmative defense asserting estoppel, waiver, laches, and unclean hands, the seventh affirmative defense for unjust enrichment, and the eighth affirmative defense for failure to join all necessary parties are just bare references to legal principles without any sort of factual expansion. That is insufficient notice even under the most liberal of pleading standards. With only unadorned allusions to go on, MICPAC and CIM can only guess why Kennolyn believes any of these principles apply. See Qarbon.com Inc. v. eHelp Corp., 315 F. Supp. 2d 1046, 1049 (N.D. Cal. 2004) ("A reference to a doctrine, like a reference to statutory provisions, is insufficient notice.").

Accordingly, the court will strike these defenses but will allow Kennolyn an opportunity to amend.

### D. The Request for Attorney's Fees and Costs is not Immaterial

As a final argument, MICPAC and CIM appear to assert that Kennolyn's closing request for attorney's fees and costs for is immaterial because Kennolyn "did not brief why it is entitled to attorney fees on the declaratory judgment claim." See Sands, 902 F. Supp. at 1165. This

7
Case No.: 5:15-cv-00589-EJD
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO STRIKE

1  statement is unpersuasive, however, because it is a misconstruction of the burden allocation for

2  this motion.  Moreover, the court disagrees that <u>Hernandez v. County of Monterey</u>, 306 F.R.D.

3  279 (N.D. Cal. 2015), the case cited by MICPAC and CIM, supports the striking any of

4  Kennolyn's requests for relief.

5  MICPAC and CIM have not shown what they must to obtain an order striking any of

6  Kennolyn's requests for relief.  None will be stricken.

## IV. ORDER

Based on the foregoing, the Motion to Strike (Docket Item No. 19) is GRANTED IN PART and DENIED IN PART as follows:

1. The motion is GRANTED as to the first and ninth affirmative defenses, which are STRICKEN WITHOUT LEAVE TO AMEND.
2. The motion is also GRANTED as to the second and eighth affirmative defenses, which are STRICKEN WITH LEAVE TO AMEND.
3. The motion is DENIED in all other aspects.

Any amended Answer must be filed on or before **August 14, 2015**, and should conform to the above discussion.

**IT IS SO ORDERED.**

Dated:  August 3, 2015



EDWARD J. DAVILA
United States District Judge

8
Case No.: 5:15-cv-00589-EJD
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO STRIKE